Cuma per
JohNsoN, J.
The authorities cited at the bar by the Counsel opposed to the motion, folly establish the position, that the true test by which to determine whether the causes of action are the same, is to enquire whether the same evidence will be necessary to support them. When a tenant holds over after the expiration of the lease, the act of 1808 subjects him to the payment of double rent, and gives the Landlord a remedy by action *22 or by distress. To this remedy the Plaintiffs have resorted, and have had their redress ; and the question now is, whether the injury complained of in this action is the same. In the application of the rule, it has been contended that in that action all that was necessary to be proved was that the Defendant was the Tenant of Plaintiff, that he had notice to quit, and that he held over; that in this case, proof of notice to quit might be dispensed with, and that to sustain it, proof of the contract to sell to Ball, the knowledge of the defendant, and the loss on the sale were necessary; and hence it is concluded that the causes of action are not the same. This is clearly a misapplication of the rule. The act of the Defendant, and for which the Plaintiffs seek redress, is the same in both cases ; the fact of holding over after the expiration of the lease. And the rule must be understood as applying only to the act done by the defendant, and not to the damages which the Plaintiff has sustained. It is the wrong done, and not the character or quantum of damages which constitutes the identity. The wrongs complained of in these two cases are identified by another circumstance too striking to be omitted. The Jury have endorsed on the back of the record a memorandum from which it appears that after estimating the damages claimed by the Plaintiff in this action, they have deducted $1850, the amount of the former verdict, and found the^alance for the Plaintiff. The admission that the damages claimed have been sustained and were recoverable, gives rise incidentally to another question, and that is, whether the plaintiff can resort to a second action when a recovery of a part of the damages only has been had in the former action. The rule on this subject is also well settled. When the cause of action is entire, or in other words, when the act complained of is indivisible, a Plaintiff cannot separate it and bring one action for one part, and another for another; the first will *23 be a bar to th)p second, as in the case of Bond vs. Quat-tlebaum, 2 Nott & M’Cord 205, where the Court held that a former recovery in Trover was a bar to another action for a part of the same property. See also 15 Johnson Rep. 229; 16 do. 136. From this view of the case, it is impossible that the Plaintiff can recover, and leave is therefore given to the Defendant to enter up Judgment as in the case of nonsuit. The Court do not by their silence in relation to the fourth ground intend to give currency to the opinion that the damages claimed in this case are in their nature such as the Plaintiff would be entitled to recover in any form of action — the Court gives no opinion on that point. My own impressions however are that they are not recoverable. The rule on this subject I take to be this : that the damages to which the Plaintiff is entitled are those which proceed immediately and necessarily, as contradistinguished from remote, and contingent, from the wrong done. The wrong done in this case was the Defendant’s holding over. The damages immediately and necessarily resulting from it, consists in the loss of the use and occupation, and other matters immediately incident to and connected with this right. But here the Plaintiff claims to superadd to them a supposed loss in consequence of Ball’s declining to purchase, and which, if he was not bound, he might or might not have carried into effect, and a few more additions founded on such speculations would multiply the damages to an incalculable extent, and appeared to me to be too remote to be the foundation of an action.

Motion granted.